Case 1:10-cv-00304   Document 114   Filed in TXSD on 03/09/12   Page 1 of 5

United States District Court
Southern District of Texas
FILED

MAR - 9 2012

David J. Br_____, Clerk of Court

## VERDICT FORM

WE, THE JURY, UNANIMOUSLY FIND AS FOLLOWS:

I. **Question One.**

    A.     Michael Alex claims he was discriminated against and discharged because of his race.

    B.     Management & Training Corporation ("MTC") denies Mr. Alex's claims and contends that Mr. Alex was discharged for violating MTC's fraternization policy.

    C.     It is unlawful for an employer to discriminate against an employee because of the employee's race.

    D.     To prove unlawful discrimination, Mr. Alex must prove by a preponderance of the evidence that MTC discharged Mr. Alex because of his race.

    E.     Mr. Alex does not have to prove that unlawful discrimination was the only reason MTC discharged Mr. Alex.

    F.     If you disbelieve the reason MTC has given for its decision, you may infer or not infer that MTC discharged Mr. Alex because of his race.

**Question One (1)**

Did MTC discharge Mr. Alex because of Mr. Alex's race?

_____*No*_____
Answer "Yes" or "No"

II.  **Question Two.**

    A.    Mr. Alex claims he was retaliated against and discharged for engaging in activity protected by Title VII.

    B.    MTC denies Mr. Alex's claims and contends that Mr. Alex was discharged for violating MTC's fraternization policy.

    C.    To prove unlawful retaliation, Mr. Alex must prove by a preponderance of the evidence that MTC retaliated against and discharged him because he engaged in protected activity.

    D.    It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.

    E.    "Protected activity" includes opposing racial discrimination or harassment based upon race in the workplace.

    F.    Plaintiff does not have to prove that unlawful retaliation was the sole reason MTC discharged Mr. Alex.

    G.    If you disbelieve the reason MTC has given for its decision, you may infer or not infer that MTC discharged Mr. Alex because he engaged in protected activity.

**Question Two (2)**

Did MTC discharge Mr. Alex because Mr. Alex engaged in a protected activity?

              *No*
_____
        Answer "Yes" or "No"

8

If your answer to either Question One (1) or Question Two (2) is "Yes," then and only then proceed to Question Three (3) below. If your answers to both Questions One (1) and Two (2) are "No," the foreperson should date and sign the verdict.

**III.   Questions Three, Four, and Five.**

    A.    You should not interpret the fact that I am giving instructions about plaintiff's alleged damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

    B.    Mr. Alex must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Mr. Alex need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

    C.    You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits; (2) punitive damages, and (3) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

    D.    Back pay and benefits include the amounts the evidence shows Mr. Alex would have earned had he remained an employee of MTC, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings or unemployment benefits, if any, MTC proves by a preponderance of the evidence, Mr. Alex received in the interim.

    E.    There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Mr. Alex for any injury he has sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.

    F.    You are not to consider interest or attorneys' fees in answering these questions.

    G.    Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future.

    H.    In this case you may award punitive damages if Mr. Alex proves by a preponderance of the evidence that MTC acted with malice or reckless indifference to Mr. Alex's federally protected right to be free from discrimination.

    I.    If Mr. Alex has proven these facts, then you may award punitive damages, unless MTC proves by a preponderance of the evidence that the conduct was contrary to the employer's good faith efforts to prevent discrimination in the workplace. In

      determining whether MTC made "good faith efforts" to prevent discrimination in the workplace, you may consider things like whether it adopted anti-discrimination policies, whether it educated its employees on the federal anti-discrimination laws, how it responded to Mr. Alex's complaint of discrimination, and how it responded to other complaints of discrimination.

J.    An action was taken with "malice" or in "reckless indifference" if it was at least taken in the face of a perceived risk that the conduct would violate federal law. Mr. Alex is not required to show egregious or outrageous discrimination to recover punitive damages. However, proof that MTC engaged in intentional discrimination is not enough in itself to justify an award of punitive damages.

## Question Three (3)

What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Alex for the damages, if any, you have found MTC caused Mr. Alex?

Answer for the following items and none other:

A.    Back pay and benefits:

      _____
      Answer in dollars and cents

B.    Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

      _____
      Answer in dollars and cents

## Question Four (4)

Based on the evidence presented, do you find that Mr. Alex should be awarded punitive damages?

      _____
      Answer "Yes" or "No"

**If your answer to Question Four (4) is "Yes," then answer Question Five (5). If the answer to Question Four is "No," then do not answer Question Five (5) and the foreperson should date and sign the verdict.**

## Question Five (5)

What sum of money should be assessed against MTC as punitive damages?

_____
Answer in dollars and cents

Signed in Brownsville, Texas, this ___9th___ day of March, 2012.

_____
JURY FOREPERSON

11